Marc A. Caraska, SBN 155098
LAW OFFICE OF MARC A. CARASKA
2100 Northrop Ave., Suite 900
Sacramento, California 95825
TELEPHONE: (916) 488-4529
FACSIMILE: (916) 927-1023
email: mcaraska@caraskalaw.com

Attorney for Debtor
Consorcia Concepcion Apostol

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MISAEL APOSTOL, CONSORCIA CONCEPCION APOSTOL<br><br>Debtors,<br><br>_____<br><br>CONSORCIA CONCEPCION APOSTOL<br><br>Plaintiff,<br><br>vs.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Defendant.<br>_____ | Case No. 18-20357- B-13J<br><br>Chapter 13<br><br>Adversary No. 2023-02016<br><br>FIRST AMENDED COMPLAINT TO DETERMINE STUDENT LOAN DEBT DISCHARGEABLE<br>[11 USC 523]<br><br>Hearing date to be set by Summons |

CONSORCIA CONCEPCION APOSTOL, Plaintiff in the above entitled case, by and through his attorney, MARC A. CARASKA, hereby alleges:

1. This is an adversarial proceeding to determine the dischargeability of a debt.

### PARTIES

2. Plaintiff, CONSORCIA CONCEPCION APOSTOL, (hereinafter "SORCY" or "Plaintiff"), is a debtor in the above entitled Chapter 13 proceeding.

3. Defendant, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, is a

FIRST AMENDED COMPLAINT TO DETERMINE
DEBT DISCHARGEABLE                     1

creditor of Plaintiff and is the guarantor of student loans obtained by Plaintiff for her daughter from 2004-2008 as a "Parent Loan".

## JURISDICTION AND CORE STATUS

4. This Adversary Proceeding is brought in connection with Plaintiff's Bankruptcy case 18-20357-B-13J, under Chapter 13 of Title 11 United States Code, now pending in this court.

5. Jurisdiction of this matter is conferred on this Court pursuant to 28 U.S.C. §1334(b), 11 U.S.C. §523(a).

6. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H) and (I).

7. Plaintiff seeks to have the student loans determined to be dischargeable pursuant to the bankruptcy code, including, but not limited to 11 U.S.C. § 523, subd. (a)(8).

8. Defendant's chapter 13 case was filed on January 23, 2018. Plaintiff's student loan debt was listed in her bankruptcy schedules in the total amount of $215,760.74.

9. This debt is dischargeable in this case by virtue of 11 U.S.C. § 523(a)(8), in that repayment of the loans is an undue hardship to Plaintiff/Debtor.

## STATEMENT OF FACTUAL BASIS FOR CASE

10. On or about September 2004, Plaintiff applied for and obtained a Parents Loan to pay for her daughter's education at University of California Los Angeles in the principal amount of $30,000. The payment of the debt was deferred until her daughter's graduation. On or about 2008, Plaintiff began paying about $200 per month on the debt until due to serious financial hardship, she had to file for bankruptcy in 2011. (Case Number 11-33831 Eastern District) From 2011 until the present filing in 2018, Plaintiff was unable to make payments on the student loans. Her income and expense schedules in the present filing indicate her and her husband's net monthly income was $282.37 which has been paid in Debtor's Plan since 2018 until the present. She has had no ability to make any payments on the student loans since filing.

11. Plaintiff is a 76 year old woman who was recently forced to retire from her position as a teacher at Sacramento City College due to a diagnosis of Stage IV lymphoma. She has been treated with chemotherapy since 2018 and is not yet in remission. Further, she has recently, in 2022, had a heart attack and again, in 2023, has been in the hospital with "constant pleural effusion

(accumulation of fluid in her lungs), requiring constant draining. She is in ill health and unable to be gainfully employed.

12. Since July 2022, Plaintiff and her husband, co-debtor MISAEL APOSTOL, have separated. Prior to separation the couple moved to an apartment with monthly rent of $2,150. Her husband pays half of the rent but Plaintiff's income if limited to her Social Security of $1,261 and retirement of $793.85 for a total income of $2,054.85. Half of her income is being used to pay rent. Her other expenses are similar to those set forth in Schedule J of the present filing. As is obvious, it is simply impossible for Plaintiff to find any disposable income to pay any part of the student loans in question.

13. Given Plaintiff's overall health and living situation the state of affairs of Plaintiff is likely to continue and persist for the rest of Plaintiff's life.

## COUNT ONE

### (11 U.S.C. § 523(a)(8))

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

15. As set forth above, Plaintiff cannot maintain, based on current income and expenses, a minimal standard of living for herself if forced to repay the loans.

16. The above allegations establish additional circumstances that exist which indicate Plaintiff's present state of affairs is likely to persist for a significant portion of the repayment period of the student loans.

17. Plaintiff has made good faith efforts to repay the loans from 2008 through her bankruptcy filing in 2011. Sine 2011 she has been unable to pay the loans and the amount owed has increased seven fold from the original principal amount. Her present state of health makes it impossible for her to make any further payments without undue hardship.

**WHEREFORE**, Plaintiff prays that the Court hear this matter and render judgment for Plaintiff as follows:

### ON THE FIRST COUNT

1. For a determination that Plaintiff's student loan debt is dischargeable and that

Plaintiff should no longer be responsible to pay Defendant the amount owed;

    2.    For such other and further relief as the Court may deem necessary, just and proper.

DATED: February 23, 2023        LAW OFFICE OF MARC A. CARASKA

By: _____
Marc Caraska, Attorney for Plaintiff/Debtor